**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000195
18-MAR-2014
07:58 AM**

NO. CAAP-12-0000195

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES DAVID KALILI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(REPORT NO. C11033120/KN (3P711-1899))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant James David Kalili (Kalili) appeals
from the Notice of Entry of Judgment and/or Order, entered on
February 22, 2012 in the District Court of the Third Circuit,
Kona Division (District Court).[1]

Kalili was found guilty of Criminal Contempt of Court,
in violation of Hawaii Revised Statutes (HRS) § 710-1077(1)(g)
(1993).[2]

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

[2] HRS § 710-1077 states:

§710-1077 **Criminal contempt of court.** (1) A person
commits the offense of criminal contempt of court if:

. . . .

(g) The person knowingly disobeys or resists the
process, injunction, or other mandate of a
court;

(continued...)

On appeal, Kalili contends (1) the judge plainly erred by not recusing himself from the case because the same judge issued the order which Kalili was accused of disobeying, (2) there was insufficient evidence to convict him, and (3) the District Court erred by failing to enter written findings as required by HRS § 710-1077(5) (1993).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[2](...continued)

. . . .

    (2)  Except as provided in subsections (3) and (7), criminal contempt of court is a misdemeanor.

    (3)  The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:

        (a)  If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; and

        (b)  If the offense was not committed in the immediate view and presence of the court, nor under such circumstances that the court has knowledge of all of the facts constituting the offense, the court shall order the defendant to appear before it to answer a charge of criminal contempt of court; the trial, if any, upon the charge shall be by the court without a jury; and proof of guilt beyond a reasonable doubt shall be required for conviction.

. . . .

    (5)  Whenever any person is convicted of criminal contempt of court or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment. In any proceeding for review of the judgment, sentence, or commitment, no presumption of law shall be made in support of the jurisdiction to render the judgment, pronounce the sentence, or order the commitment. A judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review.

    All other judgments, sentences, or commitments for criminal contempt of court shall be subject to review by appeal, in a proceeding for an appropriate extraordinary writ, or in a special proceeding for review.

the arguments advanced and the issues raised by the parties, we resolve Kalili's points of error as follows:

(1) Kalili did not move to disqualify the judge at trial. The Hawai'i Supreme Court has held that "it will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Miller, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010) (citation, internal quotation marks, and emphasis omitted). A procedure whereby the judge who caused a criminal contempt proceeding to be instituted and who conducts the trial, without a jury, upon the charge, denies the accused due process and is a matter of public concern warranting plain error review. State v. Brown, 70 Haw. 459, 466-67, 776 P.2d 1182, 1187 (1989).

Kalili was charged with Criminal Contempt of Court for failing to surrender at the Hawai'i Community Correctional Center (HCCC) as ordered by the District Court. The presiding judge was the same judge that issued the order that Kalili was accused of violating. Kalili's alleged failure to surrender was not committed in the immediate view and presence of the judge nor under circumstances that would have given the judge knowledge of all of the facts constituting the offense. Therefore, this was a case of indirect constructive criminal contempt. Evans v. Takao, 74 Haw. 267, 289, 842 P.2d 255, 265 (1992). The judge that presides over an indirect constructive criminal case must be a different judge than the one whose order the defendant is accused of violating. Gowan v. Kubo, No. SCPW-13-0000017 2013 WL 1919393 at *2 (Haw. May 8, 2013) (unpublished order) (citing Brown, 70 Haw. at 467, 776 P.2d at 1187-88). Therefore, we hold that the presiding judge plainly erred by failing to recuse himself from presiding over Kalili's trial.

(2) Taking the evidence in the light most favorable to the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), we conclude there was substantial

3

evidence to support Kalili's conviction. Kalili does not challenge the admissibility of any of the evidence presented at trial. Kona District Court Bailiff Joseph Gusman (Gusman) identified Kalili as the person who, on October 3, 2011, was ordered to report to the HCCC on October 10, 2011 to serve a thirty-day sentence. State's Exhibit 4, the "HCCC Non-Admission/Late Admission/Violations Report" indicated that James D. Kalili, Jr. failed to report to HCCC on October 10, 2011. Kalili testified that he appeared in court on October 3, 2011 and acknowledged that the judge told him when to go to jail. Kalili also agreed that on October 3, 2011 he signed the court's notice that he was to report to HCCC on October 10, 2011 to serve a thirty-day sentence.

On appeal, Kalili argues that he lacked the requisite intent to commit the offense. Kalili maintained at trial that he "didn't know exactly how many days I had from that day, October 3rd, to when I was to turn myself in because I had motioned to the Court for more time. I needed to file a motion with the Court for stay of execution to file an appeal." Nevertheless, Kalili also acknowledged that the court did not grant his motion for time or a stay of execution. This is consistent with a copy of the court's minutes for October 3, 2011, which states, "DEFT PRESENT. REQUEST OF DEFT TO CONTINUE TO FILE MOTION FOR MISTRIAL-DENIED. JAIL SENTENCE IMPOSED." Therefore, there was substantial evidence from which the District Court could infer that Kalili knowingly disobeyed a court's order to report to HCCC.

(3) Kalili contends, and the State concedes, that it was error for the District Court to not issue written findings, pursuant to HRS § 710-1077(5). "HRS § 710-1077(5) expressly provides that '[w]henever any person is convicted of criminal contempt of court and sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment.'" State v. Schutter, 60 Haw. 221, 221, 588 P.2d 428, 429 (1978) (quoting HRS

4

§ 710-1077(5)). The failure of the trial court to comply with the statute also warrants vacation of the judgment. State v. Lloyd, 88 Hawai'i 188, 190, 964 P.2d 642, 644 (1998).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on February 22, 2012 in the District Court of the Third Circuit, Kona Division is vacated and the case is remanded for a new trial before a different judge.

DATED: Honolulu, Hawai'i, March 18, 2014.

On the briefs:

Summer M.M. Kupau
Deputy Public Defender,
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge